UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-Civ-20547-COOKE/TORRES

INEZ ROZIER,

    Plaintiff,

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

This is a diversity action for a declaration of compliance or substantial compliance with all post-loss obligations under an insurance policy and for damages resulting from an alleged breach of contract by Hartford Insurance Company of the Midwest ("Defendant" or "Hartford"), the insurer. *See generally* Am. Compl., ECF No. 6.[1] On February 13, 2014, Hartford removed this matter from state court pursuant to 28 U.S.C. § 1332, which allows removal on diversity of citizenship grounds if there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332. Thereafter, on March 13, 2014, Defendant Hartford moved to dismiss Plaintiff's First Amended Complaint. For the reasons stated herein, Defendant's Motion to Dismiss is granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff alleges that Defendant issued a homeowners insurance policy ("Policy") under which her property, located at 2119 NW 58th St., Miami, Florida 33142, ("Subject Property"), was covered against certain losses. Am. Compl. ¶¶ 8-10. On October 24, 2005, while the Policy "was in full force and effect," the Subject Property suffered a "covered loss" as a result of a hurricane, and Plaintiff immediately informed Hartford about the damage, which tendered payment of insurance proceeds after inspecting the Subject Property's losses. *Id.* at 11-12, 14.

---

[1] Plaintiff filed her Amended Complaint twice; however, ECF No. 7 is a duplicate of ECF No. 6.

1

However, Plaintiff alleges that the amount of losses sustained were greater than Defendant acknowledged; consequently, on March 9, 2010, Plaintiff reopened her claim for damages. *Id.* at 14-15.

Since Defendant allegedly underpaid Plaintiff and also remained silent on the appraisal matter, Plaintiff invoked the Policy's appraisal clause,[2] and claims that Defendant's conduct amounts to a material breach of the Policy that has caused her damages. *Id*. at 18, 34-35. Plaintiff requests that this Court determines that she complied, or substantially complied, with post-loss obligations contained in the Policy. *Id*. at 28-30.

The Amended Complaint seeks: (1) a declaration that Plaintiff has complied, or substantially complied, with all post-loss obligations and that appraisal is ripe pursuant to the Policy (Count I); and (2) that judgment for breach of contract be entered in favor of Plaintiff (Count II). *See generally* Am. Compl.

## II.    LEGAL STANDARD

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, the allegations contained in the complaint "must be plausible on [their] face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)) (alterations added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Detailed allegations are not required, however, the complaint must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . .'" *See id. (quoting Twombly*, 550 U.S. 544). A court does not have to accept legal conclusions in the complaint as true. *See id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. Nevertheless, on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Grp. Inc.*, 835 F.2d 270, 272 (11th Cir. 1988) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

---

[2] Since Plaintiff was unable to obtain a copy of the Policy, she incorporated it by reference into her complaint. *See* Am. Compl. ¶ 8. Plaintiff cites to the appraisal clause of the Policy which reads:
> If you and we fail to agree on the amount of the loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other.

Am. Compl. ¶ 17.

### III.   ANALYSIS

Defendant seeks dismissal of the Amended Complaint on four grounds: (i) failure to add an indispensable party, namely, Roosevelt Rozier ("Mr. Rozier"), deceased and Plaintiff's husband, or in his default his estate or personal representative; (ii) improper reliance on the applicable law to provide declaratory relief, i.e. using Florida procedural law in support of Plaintiff's allegations instead of federal law; (iii) alleging inconsistent claims for legal and equitable relief for breach of contract claim; and (iv) failure to allege this Court's grounds for jurisdiction. *See generally* Def.'s Mot. Dismiss.

#### A.   The rule governing joinder requires that Roosevelt Rozier, or his estate, be added as a party plaintiff in this action.

Rule 19 of the Federal Rules of Civil Procedure, which governs requires joinder, requires a two-part analysis:

> First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue.

*Challenge Homes, Inc. v. Greater Naples Care Ctr.*, 669 F.2d 667, 669 (11th Cir. 1982). "[F]indings of indispensability must be based on stated pragmatic considerations, especially the effect on parties and on litigation." *In re Torcise*, 116 F.3d 860, 865 (11th Cir. 1997) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 106 (1968)).

First, it must be determined whether Mr. Rozier, or his estate or personal representative, should be joined if feasible. "Rule 19 provides for joinder of an indispensable party where there is substantial risk of the defendant being subjected to a multiplicity of suits." *In re Torcise*, 116 F.3d 865 (citing *Dudley v. Smith,* 504 F.2d 979, 983 (5th Cir.1974)). Rule 19(a)(1)(B)(ii) sets forth the requirements that must be present to add a person to an action: the person (i) is subject to service of process, (ii) the joinder of whom would not deprive the court's subject-matter jurisdiction over the case, (iii) that person claims an interest relating to the subject matter of the action, and (iv) whose absence in the disposition of the case would leave an existing party "subject to a substantial risk of incurring in double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). Defendant argues that Mr.

3

Rozier, or in the alternative his estate or personal representative, is a proper party for joinder because Defendant potentially could be subject to multiple suits and double recovery if Mr. Rozier, or his estate, is not included as a party plaintiff. Reply Supp. Mot. Dismiss 2. I agree.

First, while Mr. Rozier himself cannot be a party to this action because his death certificate shows that his death occurred on February 27, 2013, *see* Pl.'s Resp., Ex. A, ECF No. 14, his estate can be subject to service of process. Second, the addition of Mr. Rozier's estate would not deprive this Court of subject matter jurisdiction because complete diversity of citizenship among the parties will not be destroyed. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . ."). Both Plaintiffs would be citizens of Florida, and Defendant, a Connecticut corporation, are completely diverse, thus preserving this Court's subject matter jurisdiction. *See* Am. Compl. ¶ 2-3, ECF No. 6; *see also* Ex. A, ECF No. 14.

Third, it is undisputable that Mr. Rozier's estate claims an interest relating to the benefits under the insurance policy at issue. Lastly, adhering to Florida law that a personal representative stands in the shows of the decedent, and thus a person has no greater rights against the estate than what he or she would have had against thte decedent during his life, *see Magwood v. Tate*, 832 So. 2d 1241, 1243 (Fla. Dist. Ct. App. 4th Dist. 2003) (citing *Sullivan v. Sessions*, 80 So. 2d 706, 707 (Fla. 1955)), Mr. Rozier's personal representative could, potentially, bring a subsequent suit against the Defendant under the Policy. In other words, there is a substantial risk that if Mr. Rozier's estate or personal representative is not added as a party in this action and Defendant pays the alleged additional damages to Plaintiff, Defendant might face the burden of paying twice in a later action brought by Mr. Rozier's estate.

For these reasons, joinder of Mr. Rozer's estate is feasible and this Court need not consider the analysis under Rule 19(b).

> **B.  Plaintiff's claim for a declaratory judgment should not be dismissed because there is no material difference between Florida's Declaratory Judgment Act and the Federal Declaratory Judgment Act.**

Defendant contains that Count I of the Amended Complaint should be dismissed without prejudice because Florida's Declaratory Judgment Act, which is a procedural statute, cannot

4

form the basis of Plaintiff's declaratory judgment action. *See* Mot. Dismiss 5-6, ECF No. 12; *see also* Reply Supp. Mot. Dismiss 3, ECF No. 16. "[F]ederal courts are to apply state *substantive* law and federal *procedural* law," *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (emphasis added), and in a diversity case "seeking declaratory relief, the federal court applies state law on the substantive issues presented in the declaratory [] judgment action." *Townhouses of Highland Beach Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 504 F. Supp. 2d 1307, 1309-10 (S.D. Fla. 2007) (citing *State Farm Fire & Cas. Co. v. Sweat*, 547 F. Supp. 233, 239 n.14 (N.D. Ga.1982); and *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78–80 (1938)).

There is no clear applicable law regarding the application of either the federal or the state declaratory judgment statutes among the districts, and courts have reached different conclusions in actions brought in Florida. *See e.g., Diamond State Ins. Co. v. Boys' Home Ass'n, Inc.*, No. 3:13-CV-457-J-34PDB, slip op. at 2* (M.D. Fla. Sept. 16, 2014). Nevertheless in previously deciding this issue, this Court determined it appropriate to treat an action brought under the state declaratory judgment statute the same as one brought as a federal declaratory judgment claim. *See Whispering Pines of Royal Palm Beach Homeowners Ass'n, Inc. v. Comcast Cable Commc'ns, LLC,* No. 13–80142–CIV, slip op. at *2 (S.D. Fla. June 20, 2014) (Marra, J.) ("[A] state declaratory judgment claim will be construed as a federal declaratory judgment claim because the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is procedural, not substantive"); *Incredible Invs., LLC v. Fernandez–Rundle,* 984 F. Supp. 2d 1318, 1323–24 (S.D. Fla. 2013) (Ungaro, J.) (construing the claims based on Florida's Declaratory Judgment Act, Fla. Stat. § 86.021, as an action for declaratory relief pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201); *200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61984-CIV, 2011 WL 2470344, at *1 (S.D. Fla. June 21, 2011) (Rosenbaum, Mag.) (considering plaintiff's claim as brought under federal Declaratory Judgment Act and not on Florida's version of the Declaratory Judgment Act); *Townhouses of Highland Beach,* 504 F. Supp. 2d 309–10 (Ryskamp, J.) (holding that insured was not required to allege whether it was seeking declaratory relief under Florida statute or federal Declaratory Judgment Act and that insured's failure to allege the applicable statute was not a basis for dismissal).

"The purpose behind the Declaratory Judgment Act is to afford a[] form of relief from uncertainty and insecurity with respect to rights, status and other legal relations." *Sierra Equity*

*Grp., Inc. v. White Oak Equity Partners, LLC,* 650 F. Supp. 2d 1213, 1230 (S.D. Fla. 2009) (quoting *Cas. Indem. Exch. v. High Croft Enter.*, 714 F. Supp. 1190, 1193 (S.D. Fla. 1989)). In the instant case, principles of justify a declaratory judgment since it will serve a useful purpose to clarify and settle the parties' rights. Therefore, in line with the recent cases in this District, this Court will consider Plaintiff's claim as one brought under the Federal Declaratory Judgment Action because "as a practical matter, however, the elements required under the federal or state declaratory judgment acts are not materially different," *Nirvana Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 589 F. Supp. 2d 1336, 1344 (S.D. Fla. 2008), even though the Plaintiff brought her claim under Florida's Declaratory Judgment Act. *Accord Formula LLC v. RSUI Indem. Co.*, No. 09-60592-CIV, 2009 WL 2342455, at *5 (S.D. Fla. July 28, 2009) (Cooke, J.) (holding that the standards under both acts are "substantially similar"). Plaintiff's failure to bring her claim under the Federal Declaratory Judgment Act does not justify a dismissal.

      C.      **Plaintiff permissibly pleads alternative types of relief because under the Federal Rules of Civil Procedure a plaintiff is allowed to plead alternative or different forms of relief.**

Defendant contends that Count II of Plaintiff's Amended Complaint should be dismissed because the Plaintiff commingled inconsistent claims for legal and equitable relief for the breach of contract claim. Mot. Dismiss 6, ECF No. 12. Defendant asserts that Plaintiff is not pleading in the alternative, but rather is seeking simultaneous relief that "can never be afforded." Reply Supp. Mot. Dismiss 4, ECF No. 16.

Rule 8(a) established the general pleading requirements and framework. Fed. R. Civ. P. 8(a). Specifically, Rule 8(a)(3) states that "[a pleading must contain] a demand for the relief sought, *which may include* relief in the alternative or *different types of relief*." (emphasis added). Moreover, under the Federal Rules of Civil Procedure "a plaintiff is entitled to join all of his claims, whether legal or equitable, in the same pleading, Rule 18(a), *and to demand relief of several different types, Rule 8(a).*" *Card v. Elmer C. Breur, Inc.*, 42 F. Supp. 701, 702 (N.D. Ohio 1941) (emphasis added).

In this case, although the Plaintiff will not be able to recover both types of relief, the federal rules do allow her to plead different types of reliefs at this stage of litigation. *See*

*Diamond Ctr., Inc. v. Leslie's Jewelry Mfg. Corp.*, 562 F. Supp. 2d 1009, 1017 (W.D. Wis. 2008) (holding in favor of plaintiff whose claims included different types of relief); *accord In re Light Cigarettes Mktg. Sales Practices Litig.*, 751 F. Supp. 2d 183 (D. Me. 2010) (allowing plaintiffs in a multi-district litigation to assert multiple and duplicative, legal and equitable, claims for relief). Therefore, Count II of Plaintiff's Complaint should not be dismissed, and, thus, Plaintiff is allowed to plead both types of reliefs.

### D. Plaintiff properly asserted this Court's grounds for subject matter jurisdiction in the Amended Complaint.

Defendant contends that Plaintiff's Amended Complaint, filed after removal, does not allege this Court's basis of subject matter jurisdiction over the case and, thus, must be dismissed. Mot. Dismiss 7, ECF No. 12. It is clear that federal courts are courts of limited subject matter jurisdiction, and may only hear those cases that fall within the judicial powers that Congress conferred in 28 U.S.C. §§1331-32 (2014). "Congress granted federal courts jurisdiction over diversity actions and cases raising a federal question. If jurisdiction is based on either of these, the pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'" *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (citing Fed. R. Civ. P. 8(a)).

This is an action brought under diversity of citizenship; it follows, therefore, that the plaintiff must allege proper jurisdictional grounds (i.e. complete diversity and amount-in-controversy exceeding $75,000 exclusive of interests and costs) in the complaint that justify this Court's exercise of jurisdiction over the case. 28 U.S.C. § 1332 (2014). Here, Plaintiff's Amended Complaint alleges that: (i) this is an action in excess of $75,000, exclusive of interests and costs,[3] (ii) Plaintiff is a citizen of Florida and Defendant is a Connecticut corporation, and (iii) venue is proper in Miami-Dade County because both the contract's execution occurred in this County and the Subject Property is located in Miami-Dade as well. *See* 28 U.S.C. § 1391(b)(2) (2014). "For a corporate defendant the complaint must allege *either* the corporation's

---

[3] When facing a motion to dismiss, "the sum claimed by the plaintiff controls[] if the claim is apparently made in good faith.[] It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).

state of incorporation or principal place of business." *Taylor*, 30 F.3d 1367. Consequently, Plaintiff properly plead this Court's basis for exercising jurisdiction.

### IV. CONCLUSION

For the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (ECF No. 12) is **GRANTED in part and DENIED in part**. Count I of the Amended Complaint is **DISMISSED** *without prejudice*. All remaining Counts shall proceed.

Plaintiff's Second Amended Complaint shall be filed no later than fourteen (14) days from the entry of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of December, 2014.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*